```
                        IN THE
              UNITED STATES DISTRICT COURT
                       FOR THE
              WESTERN DISTRICT OF VIRGINIA
                CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA          )
                                  )
                                  )
        v.                        )    Criminal No. 3:09CR00039
                                  )
WILLIAM CURTIS HOPE               )
```

**MOTION FOR UPWARD VARIANCE**

COMES NOW the United States, by counsel, Nancy S. Healey, Assistant U.S. Attorney for the Western District of Virginia, and respectfully moves this Court to find that the advisory guideline range imposed by applying the guideline section that the United States Probation found to be most appropriate for the instant offenses is wholly insufficient to appropriately punish the conduct in this case.

As this Court learned during the guilty plea hearing, the defendant engaged in highly reckless conduct during a lengthy pursuit of the vehicle he was driving on the curvy roadway of the Blue Ridge Parkway when Ranger Mark Cyr attempted to pull the defendant over for speeding (a radar-detected speed of 66 miles per hour in a 45 mile per hour zone). Ranger Cyr activated his lights and siren in his marked vehicle and pursued the defendant who refused to stop. The defendant led Cyr on an approximately 15-mile chase during which the defendant, at times, exceeded 90 miles per

hour and drove a substantial period of time on the wrong side of the road on parts of the Parkway where oncoming traffic would not have been able to see the defendant coming because of the curvature in the roadway. There were other vehicles (automobiles and motor cycles) driving on the Parkway at the time and the defendant narrowly missed some of these vehicles and forced some vehicles off the road.

As this Court observed in the videotape, even when the defendant drove off the roadway himself, hit a tree, and thereafter blew a tire, he still failed to stop and he continued driving in a similarly dangerous fashion and, according to Ranger Cyr, at times exceeded a speed of 80 miles per hour. Not until the defendant bypassed spike strips (tire deflation devices) that Buena Vista police were in the process of laying on the roadway to stop the defendant was Cyr able to ram the defendant's vehicle and get him to come to a stop.

The defendant was drunk and he also had amphetamine in his system. Cyr recovered syringes that were thrown by the defendant during the pursuit. During the pursuit, Cyr had also learned that before he had first observed the defendant, the defendant had already committed a hit and run.

The Guideline Section applied in this case is not a clear fit and would appear to encompass conduct that is less serious than the conduct engaged in by the defendant. (Some of the crimes for which

the Guideline section is applied are misdemeanors). The defendant's conduct could easily and foreseeably have resulted in serious injuries and even death of innocent visitors to the Parkway. Moreover, the defendant's act of eluding was made more dangerous by the fact that he was driving under the influence at the time. The fact that he was driving on a revoked license and the nature of his prior juvenile contact are also significant factors for this Court to consider. A sentence of 8 - 12 months is simply too low to consitute a reasonable sentence for this case. The Honorable Judge James R. Spencer, in the Eastern District of Virginia, sentenced a man in 2007 to 46 months on an eluding charge (and a concurrent term of 12 months on a reckless driving charge). <u>United States v. White</u>, 3:07cr00083. White's guidelines were apparently calculated under USSG 2J1.2, which may indeed be a more appropriate way to calculate a sentence for en eluding offense. That section starts with a base offense level of 14.[1]

Finally, it is perhaps notable that felony eluding convictions have been found to be "violent" felonies in calculating criminal

---

[1] The United States is in the process of learning more about the <u>White</u> case, including about White's guidelines calculation and his criminal history category. The facts in that case included the fact that White was driving a stolen vehicle and ended up crashing his car when he was pursued. White had a significant criminal history. However, other aggravating factors that are in the present case were not part of the <u>White</u> case. It should be noted that if defendant White had Criminal History category of VI, he would have only been facing a sentence of 24-30 months if sentenced under the Guideline section applied in Hope's PSR.

history categories.  *See, e.g.,* United States v. Owens, 2010 WL 23163 (4th Cir. 2010)(unpublished)(affirming enhancement under 2K2.1 based on a North Carolina conviction for speeding to elude); United States v. Bradford, 20090 WL 259871, *5-*6 (N.D. Iowa)(stating that "Fleeing is purposeful, violent and aggressive" and qualified as a crime of violence); *see also* United States v. Clark, 2005 WL 1925646 (D.Kan. 2005)(discussing a Kansas statute and citing other cases that have found that eluding presents a serious potential risk of physical injury to another "deserving categorical treatment as crimes of violence").  This too would suggest that an 8-12 month sentence is too low.

    Respectfully submitted,

    TIMOTHY J. HEAPHY
    United States Attorney


    /s/ Nancy S. Healey
    Nancy S. Healey
    Assistant United States Attorney
    Virginia Bar No. 39447

CERTIFICATE

I hereby certify that on 8th day of April 2010, the forgoing Motion for Upward Variance was electronically filed with the Clerk of the United States District Court for the Western District of Virginia using CM/ECF system. This system will send notification of such filing to Fred Heblich, Counsel for the defendant.

    Respectfully submitted,

    TIMOTHY J. HEAPHY
    UNITED STATES ATTORNEY

    s/ Nancy S. Healey
    Nancy S. Healey
    Assistant United States Attorney